NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO RUIZ; RAUL GUERRERO;
ROBERT TORRES, et al.,

          Plaintiffs-Appellants,

  v.

SHAMROCK FOODS COMPANY, an
Arizona corporation,

          Defendant-Appellee.

No.   18-56209

D.C. No.
2:17-cv-06017-SVW-AFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 9, 2019
Pasadena, California

Before:  N.R. SMITH and WATFORD, Circuit Judges, and KORMAN,[**] District
Judge.

      Mario Ruiz, Raul Guerrero, and Robert Torres (Plaintiffs) brought a putative

class action lawsuit against their employer, Shamrock Foods Company

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

(Shamrock). Plaintiffs allege that Shamrock violated the Fair Credit Reporting Act (FCRA) by inadequately disclosing Shamrock's intent to obtain consumer reports on them, and by failing to receive Plaintiffs' meaningful authorization of such action. *See* 15 U.S.C. § 1681b(b)(2)(A)(i)–(ii). The district court granted Shamrock's motion for summary judgment. Because Plaintiffs lack Article III standing, we affirm.

Guerrero's and Torres' employment applications each included a FCRA disclosure and authorization form that referenced state law entitlements. Ruiz's employment application included a FCRA disclosure and authorization form that included a liability waiver. Plaintiffs argue that the forms' references to state law, inclusion of a liability waiver, and inclusion as part of a lengthy employment application rendered the FCRA forms confusing. Plaintiffs contend that these alleged FCRA violations concretely injured them for Article III standing purposes, pursuant to our decision in *Syed v. M-I-, LLC*, 853 F.3d 492 (9th Cir. 2017).

*Syed* did not hold that a violation of FCRA's disclosure requirement alone results in a concrete injury. Instead, the court identified the concrete injury as arising "when applicants are deprived of their ability to meaningfully authorize [a] credit check." *Id.* at 499. We held that the plaintiff in *Syed* had adequately alleged such an injury because we inferred that he "was confused by the inclusion of [a] liability waiver with the disclosure and would not have signed [the authorization

for the credit check] had it contained a sufficiently clear disclosure." *Id.*[1]

Unlike *Syed*, this case arises at the summary judgment stage, after the parties have engaged in discovery and conducted depositions. *Cf. id.* at 499 n.4. Plaintiffs were therefore required to produce admissible evidence establishing that they suffered a concrete injury as defined in *Syed*. They failed to do so. None of the Plaintiffs have shown that (1) they were confused by the inclusion of the references to state law and the liability waiver on the authorization form, and (2) "would not have signed it had it contained a sufficiently clear disclosure." *Id.* at 499. Accordingly, Shamrock has not encroached upon Plaintiffs' statutory rights to information and privacy created by FCRA. Plaintiffs have suffered no concrete injury and therefore lack Article III standing. *See id.* at 500; *see generally Spokeo v. Robins*, 136 S. Ct. 1540, 1549–50 (2016).

Because we hold that Plaintiffs lack standing, we do not reach the district court's alternative holding that Plaintiffs' claims are time-barred.

**AFFIRMED.**

---

[1] *Syed* is consistent with a subsequent case, *Robins v. Spokeo, Inc.*, 867 F.3d 1108 (9th Cir. 2017), which is sometimes called *Spokeo III*, and which held that "[i]n evaluating [a] claim of harm, we . . . ask: (1) whether the statutory provisions at issue were established to protect his concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.* at 1113.

*Ruiz, et al. v. Shamrock Foods Co.*, No. 18-56209

N.R. SMITH, Circuit Judge, dissenting in part:

The district court's dismissal of Robert Torres's Fair Credit Reporting Act

("FCRA") claim should be reversed. Let me explain.

1.       When a job applicant is unaware that he is authorizing a prospective

employer to procure a consumer report due to the employer's failure to provide the

applicant with a clear and conspicuous written disclosure, the applicant is deprived

of his substantive rights to information and privacy protected by the FCRA. *Syed v.*

*M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017). Thus (on summary judgment), the

declarations of Raul Guerrero and Torres demonstrate that they have Article III

standing.[1]

Before a prospective employer procures a job applicant's consumer report,

the FCRA requires the employer to: (1) provide the applicant with a clear and

conspicuous disclosure that a consumer report may be procured as part of the

employment process; and (2) obtain the applicant's written authorization to

---

[1] Mario Ruiz did not produce admissible evidence to support his allegation of a concrete injury, because Ruiz's declaration (identical to those submitted by Guerrero and Torres) was incompatible with objective record evidence. Unlike Guerrero and Torres—who signed a FCRA disclosure and authorization form as part of their online employment application—Ruiz signed his FCRA form nearly a month *after* he completed his employment application. Because Ruiz points to no other evidence in the record to support his allegation of a concrete injury, he has failed to establish Article III standing.

procure the report. 15 U.S.C. § 1681b(b)(2)(A)(i)–(ii). In *Syed*, we determined that the disclosure and authorization requirements of § 1681b(b)(2)(A) protect a job applicant's rights to information and privacy. 853 F.3d at 499. Thus, we found that an applicant suffers a concrete injury as a result of a prospective employer's violation of § 1681b(b)(2)(A) when the applicant is "deprived of [the] ability to meaningfully authorize" the procurement of a consumer report. *Id.*

However, *Syed* also recognized that, if a job applicant is unaware that he is authorizing the procurement of a consumer report due to a prospective employer's failure to provide a clear and conspicuous written disclosure, the applicant is deprived of the rights to information and privacy guaranteed by § 1681b(b)(2)(A). *Id.* (finding an allegation "sufficient to infer that [the plaintiff] was deprived of the right to information and the right to privacy guaranteed by Section 1681b(b)(2)(A)([i])–(ii) because it indicate[d] that [the plaintiff] *was not aware* that he was signing a waiver authorizing the credit check when he signed it" (emphasis added)). Subsequent decisions clarified that the rights to information and privacy protected by § 1681b(b)(2)(A) are *substantive* rights. *See Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 782 n.3 (9th Cir. 2018) (describing the right to information recognized in *Syed* as a "substantive statutory right"); *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 490–91 (9th Cir. 2019) (discussing

2

*Syed*, and finding that "the right to privacy in one's consumer credit report"—which is protected by § 1681b(b)(2)(A)(ii)—is a "substantive privacy interest"). These decisions explain that the "violation of a substantive right *invariably* 'offends the interests that the statute protects,'" thus causing a concrete injury and "confer[ing] standing." *See Nayab*, 942 F.3d at 490 (emphasis added) (quoting *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017)); *see also Bassett*, 883 F.3d at 782 n.3 ("A line of cases recognizes that a violation of a substantive statutory right to obtain truthful information is a sufficiently concrete injury to confer standing."); *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1274 (9th Cir. 2019) ("[In *Eichenberger*,] [w]e concluded that the plaintiff had Article III standing because every unlawful disclosure of an individual's personally identifiable information and video-viewing history offended the individual's 'substantive privacy interest in his or her video-viewing history.'") (quoting *Eichenberger*, 876 F.3d at 983)).

Therefore, because a plaintiff can demonstrate that he was deprived of the substantive rights to information and privacy protected by § 1681b(b)(2)(A) by showing that he was not aware that he was authorizing the procurement of a consumer report, *Syed*, 853 F.3d at 499, such an allegation is sufficient to establish that the plaintiff suffered a concrete injury, *see Nayab*, 942 F.3d at 490; *Bassett*,

883 F.3d at 782 n.3; *Patel*, 932 F.3d at 1274; *Eichenberger*, 876 F.3d at 983.

Guerrero and Torres both averred in declarations that, at the time they signed the FCRA disclosure and authorization forms contained in their employment applications, they were confused about and *had not known* what they were authorizing in the form ("If I had known what I was authorizing . . . ."). This evidence (when viewed in the light most favorable to Guerrero and Torres, as we must), supports the justifiable inference that Guerrero and Torres were deprived of their substantive rights to information and privacy protected by § 1681b(b)(2)(A)(ii). *See Syed*, 853 F.3d at 499. Therefore, because they have produced admissible evidence creating a genuine issue of material fact as to whether they suffered a concrete injury due to Shamrock's alleged FCRA violation, Guerrero and Torres have satisfied Article III's standing requirements. *See Martin v. City of Boise*, 920 F.3d 584, 609 (9th Cir. 2019) ("[P]laintiffs 'need not establish that they in fact have standing, but only that there is a genuine question of material fact as to the standing elements.'" (quoting *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002))).

2.      However, even with standing, only the dismissal of Torres's claim should be reversed, because only Torres filed his claim within the FCRA's two-year statute of limitations, *see* 15 U.S.C. § 1681p(1), which begins to run on the date the

4

plaintiff actually discovers or constructively discovers the violation that is the basis of his claim, *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012).

Shamrock has the burden to demonstrate that Torres and Guerrero had discovered the alleged violations, or "that a reasonably diligent plaintiff would have *discovered* the facts constituting the violation." *Id.* at 1110 (quoting *Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1206 (9th Cir. 2012)). Shamrock has demonstrated that Guerrero constructively discovered its alleged FCRA violation. Guerrero's job offer states: "This offer is conditional and maybe [*sic*] subject to the results of . . . a background check, which includes criminal history, *a consumer report*, a physical demands evaluation, employment education verification, and your eligibility to accept employment in the United States." Guerrero testified that he understood, at the time he received his job offer, that he would be subject to a background check, which his job offer clarified would include a "consumer report." Consequently, through reasonable diligence, Guerrero should have discovered that Shamrock had procured his consumer report.

On the other hand, Shamrock has failed to demonstrate that Torres knew or should have known that Shamrock procured his consumer report. Torres's job offer states: "This offer is conditional and subject to the results of the pre-employment

5

drug screening, employment/education verification and/or background check and ability to accept employment in the United States." Unlike Guerrero's job offer, Torres's job offer does not explain what would be included in this ambiguously referenced "background check," and Torres testified that Shamrock never explained what this "background check" would entail. Accordingly, the district court erred in dismissing Torres's claim on statute-of-limitations grounds.

Therefore, the district court's dismissal of Torres's FCRA claim should be reversed.